No. 18,563.

JAMES MATEER, *Appellee*, v. THE GREAT WESTERN LAND COMPANY et al., *Appellants*.

HEADNOTE BY THE REPORTER.

SALE—*Fraudulent Representations—Discovery of Fraud—Limitation of Actions.* In an action for damages for fraudulent representations which induced a sale of lands, the evidence was sufficient to sustain a finding that the purchaser, in the exercise of ordinary diligence, did not discover the fraud until within two years prior to the commencement of the action.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed January 10, 1914. Affirmed.

*R. W. Hoskinson,* and *Albert Hoskinson,* both of Garden City, for the appellants.

*L. T. Shangle,* of Oskaloosa, Iowa, and *C. L. Marmon,* of Garden City, for the appellee.

*Per Curiam:* The appellee commenced this action September 16, 1910, to recover damages for the alleged false and willfully fraudulent representations and guaranty by H. C. Wiley, upon which the appellee alleges he relied and was induced thereby to enter into a written contract to purchase two quarter-sections of land of H. C. Wiley, doing business in the name of The Great Western Land Company, and to pay $2500 in part payment therefor. The jury returned a verdict for actual damages in the sum of $2500, with interest thereon from the time of payment, and for $875 exemplary damages.

The principal contention of the appellants is that the action was not brought within two years from the time the fraud, if any, was discovered. The representations and warranty alleged were that the land was located under and irrigable from the Amazon ditch, and that on or just prior to August 5, 1910, one Bolton, claiming to have been in the vicinity of the land, told the appellee that he did not believe it could be irrigated from the Amazon ditch. The appellee testified that from Bolton's report he did not believe that Bolton had seen the land. The jury, also, in answer to a special question in regard thereto, returned the answer, "According to the evidence (L. C. Bolton) did not see land in controversy." The evidence, also, is that soon after the report of Bolton was made to appellee, the appellee sent his son from the place of their residence, in Mahaska county, Iowa, to Kearny county, Kansas,

a distance of about seven hundred miles, to learn the truth in regard to the matter. The son returned and, as is variously stated from the 26th day of September to the fore part of October, 1908, reported to his father that he had consulted the engineer of the Amazon ditch and had learned that the land in question was higher in elevation than the Amazon ditch and could not be irrigated therefrom.

Considering the distance from the residence of the appellee to the land, we think there was a showing of ordinary diligence, at least, to discover the fraud; also, that it can not be said that one has discovered a fraud until he has obtained knowledge of the facts.

We think the evidence was sufficient to justify the verdict and the judgment of the court, and the judgment is affirmed.